[Civ. No. 4413. Second Appellate District, Division One.—June 25, 1925.]

PAUL H. GRANGER, Respondent, v. THOR RAJE, Appellant.

[1] UNLAWFUL DETAINER—LEASES—CONFLICTING EVIDENCE—FINDINGS —APPEAL.—In this action in unlawful detainer, in which the real controversy revolved around two instruments, both of which were

on printed forms of lease with the blanks therein filled in, in the main, in typewriting, with the exception of an option for renewal clause contained in the instrument produced by_defendant and not in that produced by plaintiff, which clause was in the handwriting of defendant's wife, assuming that the explanation given by defendant and his wife, as to how the disputed paragraph came to be written by the latter in the copy produced by them, was both reasonable and plausible, the testimony of plaintiff and his father in direct conflict with that of defendant and his wife, the weight to be given which was for the trial court, was sufficient to sustain the findings in favor of plaintiff; and in such a case the findings will not be disturbed on appeal.

(1) 4 C. J., p. 883, n. 33.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walters & Mauk for Appellant.

Schweitzer & Hutton for Respondent.

CURTIS, J.—Action in unlawful detainer. Plaintiff acquired the real property in controversy as a gift from his father, Ralph Granger, a few months prior to the commencement of the action. [1] Prior to conveying this property to his son, Ralph Granger had leased it to the defendant. According to the contention of plaintiff and his father, the term of this lease was one year beginning on March 15, 1921. A copy of such a lease was attached to the complaint and the original produced in court at the trial. It bore the signatures of the parties thereto and no question is made as to the genuineness of such signatures. Both plaintiff and his father testified in effect that this lease was the only lease they, or either of them, had given to the defendant of the premises in question. The defendant claimed that his lease was for a period of one year, with an option of two years additional upon the same terms as the first year, and that he had given due notice to the plaintiff of his desire to avail himself of the right given him under the option. Defendant produced at the trial a purported lease, in most respects a copy of the lease produced by plaintiff, but with the difference that it contained

a paragraph reading as follows: "And the said party of the second part shall have the right to renew and extend this lease for two years on same terms and conditions after the expiration of first year as provided herein." Both copies of the lease were on printed forms with the blanks therein filled in, in the main, in typewriting, with the exception of the above paragraph, which was in the handwriting of the wife of the defendant, and this paragraph was written in one of the blank spaces of the printed form used in preparing the lease. The real controversy in this action revolves around these two instruments. The plaintiff claiming that the one produced by him was the only lease which had been given to the defendant, while the defendant contends that the one produced by him and containing the two-year option paragraph was the real lease of the parties.

Assuming that the explanation given by the defendant and his wife, as to how the disputed paragraph came to be written by Mrs. Raje in the copy of the lease produced by the defendant, was both reasonable and plausible, yet the plaintiff, who acted for his father in the negotiations leading up to the execution of the lease, and Ralph Granger, the father, each gave testimony in direct conflict with that of the defendant and his wife. It may be that this testimony on behalf of plaintiff may not be in all respects free from objection, yet the weight to be given it was for the trial court. Evidently the court accepted the statements of plaintiff and his father in preference to those of the defendant and his wife, and we are not prepared to say that it was not justified in doing so. The evidence on plaintiff's behalf unquestionably sustains the findings. This being the case, this court will not disturb them.

The question of whether plaintiff acted as the agent of his father in procuring the lease and agreeing to the terms thereof is not involved in this appeal, in view of the admission of respondent that such agency existed and that every act of plaintiff in connection with the lease was binding upon his father, Ralph Granger.

We are not prepared, however, to hold that the appeal is frivolous and that therefore appellant should be penalized for taking the same.

Judgment is affirmed.

Conrey, P. J., and Hahn, J., *pro tem.*, concurred.